Entered: June 20, 2008    Case 07-21082    Doc 27    Filed 06/20/08    Page 1 of 3

Date signed June 20, 2008



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | |
|---|---|
| **In Re:**<br><br>**William Edward Dorsey, Jr.,**<br><br>      Debtor. | **Case No. 07-21082PM**<br>**Chapter 13** |
| **William Edward Dorsey, Jr.,**<br>      Movant,<br>**v.**<br><br>**PRA Receivables Management, LLC, as agent of Portfolio Recovery Associates, LLC, successor in interest to Capital One Bank ,**<br>      Respondent. | |

## MEMORANDUM OF DECISION

This matter came before the court on the Debtor's Objection to Proof of Claim filed by Portfolio Recovery Associates, LLC (Claim No. 8). Despite proper service of process, no response was filed.

This case was filed on November 6, 2007, under chapter 13 of the Bankruptcy Code. The Debtor's Schedule F filed with the petition reflected credit card debt in the amount of $1,232.00 to "Capital 1 Bank" c/o TSYS Debt Management, Acct. No. 438864150626, "Opened 10/23/98 Last Active 9/27/07." Schedule F was amended on April 23, 2008, disputing the "Capital 1 Bank" debt as "debtor is only an authorized user with his wife, he never used this card and has reason to believe he satisfied this debt after litigation was initiated by creditor." This is not the credit card account that is the subject of the Objection as Claim No. 8 refers to another credit card debt that was not scheduled by the Debtor.

PRA Receivables Management, LLC, as agent of Portfolio Recovery Associates, LLC, successor in interest to Capital One Bank ("Portfolio"), filed Claim No. 8 on March 10, 2008, asserting an unsecured pre-petition claim of $1,414.13, the stated basis for the claim being "credit card."  The Supplement attached to Claim No. 8 reflected the following:

> Acct. #: ************4206
> Acct. Type: Credit Card
> Date of Loan: 11/21/1998
> Charge Off Date:  3/27/2001
> Last Payment Date:  8/14/2000
> Balance at Filing Date:  $1,414.13

No supporting documentation was appended to the Proof of Claim, such as account payment records or the credit card loan agreement.

The Debtor's Objection, filed on May 13, 2008, asserted that Portfolio failed to supply supporting documentation, restated the information provided on amended Schedule F as to the Debtor being merely an authorized user of the credit card and that the amount claimed had been previously satisfied.  These contentions were unsupported by affidavit or other competent evidence and insufficient to overcome the evidentiary effect accorded by F.R.B.P. 3001(f) to a properly filed proof of claim.  Fortunately for the Debtor, he also asserted that Claim No. 8 is barred by the Maryland statute of limitations as uncollectible debt and thus not subject to allowance by virtue of §502(b)(1) of the Bankruptcy Code that provides:

> (b) Except as provided in subsections (e)(2), (f), (g), (h) and (I) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that--
>> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured;

In addition to disallowance of Portfolio's claim, the Debtor requested the imposition of sanctions in the form of reasonable attorney fees, but no authority was cited for this proposition and no sanctions will be imposed.

As Portfolio failed to respond to the Debtor's Objection, the court will treat the Objection in the nature of a motion for judgment on the pleadings and will focus on the Debtor's assertion of the affirmative defense that the debt is barred by the Maryland statute of limitations.  Based on the Supplement attached to Claim No. 8, the claim asserted by Portfolio, on its face, is stale.  The

Maryland statute of limitations (MD. CODE ANN., COURTS AND JUDICIAL PROCEEDINGS § 5-101(2008)) provides:

> A civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced.

Claim No. 8 reflects this account was purchased from Capital One Bank on August 21, 2007, and that the last payment date was August 14, 2000, with the account being charged off on March 27, 2001, more than six years prior to the filing of this case. Having failed to respond to the Objection in support of its Proof of Claim, and its attachment being an admission that the claim is time-barred and thus unenforceable, the court will sustain the Debtor's Objection and disallow Portfolio's Claim No. 8.

The court notes that the circumstances of this case are not unusual. The claims registry has become plagued with stale claims purchased by Portfolio and other entities. This trend is particularly disheartening where, unlike the subject case, a debtor is unrepresented and/or the Chapter 13 Trustee takes no action, and these time-barred claims, purchased for pennies on the dollar, are being allowed and paid at the same rate as otherwise enforceable claims.

An appropriate Order will be entered.

cc:    United States Trustee
       Chapter 13 Trustee
       Debtor
       Debtor's Counsel
       PRA Receivables Management, LLC
       Portfolio Recovery Associates, LLC, c/o Dolores Garcia
       National Registered Agents, Inc.

**End of Memorandum of Decision**